THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH WAYNE LEAMING, <br><br> Plaintiff, <br><br> v. <br><br> KRISHNAN SRINIVASAN, *et al.*, <br><br> Defendants. | CASE NO. C23-0888-JCC <br><br> ORDER |

This matter comes before the Court upon *sua sponte* review of Plaintiff's complaint (Dkt. No. 5), made pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* with his complaint. (Dkt. No. 1.) On June 16, 2023, the Honorable Michelle L. Peterson, U.S. Magistrate Judge, granted Plaintiff's application. (Dkt. No. 4.) Summons has not yet been issued.

A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, to avoid dismissal for failure to state a claim upon which relief may be granted,

a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Sufficient factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint offers little in the way of factual allegations. (*See generally* Dkt. No. 5.) It is replete with fanciful and unsupported allegations that present no point of law that is arguable on the merits. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("Courts of Appeals have recognized § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegations not supported by any facts.") The complaint fails to establish (a) the relief sought, (b) the conduct supporting that relief, (c) the individuals or entities against whom Defendant seeks relief, (d) the legal theory supporting this relief, and/or (e) the basis of this Court's jurisdiction. *See* Fed. R. Civ. P. 8; *see, e.g.*, 28 U.S.C. §§ 1331, 1332. All of which must be supported by specific allegations, rather than formulaic conclusions. *See Iqbal*, 556 U.S. at 664; *Zixiang*, 710 F.3d at 999. Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court cannot find that the complaint states a claim upon which relief can be granted. Nor does it establish the basis of this Court's jurisdiction.

As it is clear the complaint could not be cured by amendment, the Court DISMISSES Plaintiff's complaint with prejudice and without leave to amend.[1]

---

[1] When doing so would be futile, leave to amend need not be provided. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

ORDER
C23-0888-JCC
PAGE - 2

DATED this 18th day of June 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE